**Walter FRIEDRICH, Individually and on Behalf of Class of Similarly Situated Persons, Plaintiff,**

v.

**CITY OF CHICAGO and Fred Rice, Superintendent of Police, in His Official Capacity, Defendant.**

No. 84C7719.

United States District Court, N.D. Illinois, E.D.

May 12, 1986.

---

Harvey Grossman, Barbara P. O'Toole, Roger Baldwin Foundation of ACLU, Inc., William Hannay, Schiff, Hardin & Waite, Chicago, Ill., for plaintiff.

Jonathan Siner, Asst. Corp. Counsel, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

ASPEN, District Judge:

For the reasons that follow, plaintiffs' Rule 60(b)(6) motion for relief from judgment is denied without prejudice.

At the outset, we observe that the motion is probably premature. We have no indication in the record that plaintiffs have been hindered by the new ordinance this early in the season or that the police have been enforcing it. But these concerns of standing and ripeness obviously affect only the timing of plaintiff's motion. Assuming these hurdles already have been or soon will be passed, we are faced with a more fundamental problem—whether Rule 60 provides the proper vehicle for the relief plaintiffs seek.

That Rule authorizes a court to *"relieve a party ... from a final judgment, order, or proceeding"* for certain listed reasons. Fed.R.Civ.P. 60(b) (emphasis added). As the word "relief" suggests, in normal cases parties turn to Rule 60 to escape some unfavorable consequence a final judgment is imposing on them. The motion is *retrospective*. Relying on newly-discovered evidence, fraud, excusable neglect, etc., the party tries to vacate a judgment *already entered*. In order to secure a remedy the party must reopen the judgment because rules of finality (e.g., res judicata) bar a new suit to obtain the remedy.

Plaintiffs do not seek relief *from* a final judgment in this case. The relief they seek is prospective, not retrospective. In our September 18, 1985 opinion we made clear that we were ruling on the constitutionality of the ordinance *then before us,* based on the record *then before us.* Cf. 619 F.Supp. 1129, 1140, 1144–45, 1147, 1149 (N.D.Ill. 1985) (Finding of Fact 71; Conclusions of Law 15, 29; Conclusion to opinion). We expressed no firm opinion on whether a renewed ordinance would pass constitutional muster, although in dicta we noted that the City would have to go quite a ways in justifying renewal of the ordinance. *Id.* In their motion plaintiffs do not challenge the propriety of our previous judgment, which was based on the now-expired ordinance. They do not really seek "relief" from *that judgment.* Rather they seek prospective relief, a declaration (with an appropriate injunction) that the renewed ordinance is unconstitutional. They want to litigate issues left open in our opinion, issues not subject to the final judgment. Rule 60 does not permit them to do so.[1]

---

1. They may well deserve relief, since the City appears to have renewed the ordinance recklessly, without taking heed of our warnings that appropriate analysis and study may determine the fate of a renewed ordinance. But such relief, if forthcoming, is not appropriate under Rule 60(b). To obtain it, plaintiffs will have to file a new suit attacking this new ordinance.

Such a new suit would not be barred by res judicata (although collateral estoppel might pre-

Accordingly, their motion under Rule 60(b)(6) is denied. It is so ordered.

clude relitigation of a few background factual issues). This is a corollary to our analysis above. The fact that a new suit is not precluded implies, correctly, that it involves a claim not previously litigated. This in turn implies that the judgment in the previous case does not hinder plaintiffs' chances of seeking relief. This leads to a last implication: plaintiffs have no need to, and do not, seek "relief" from that final judgment.